Filed 10/28/24  In re K.J. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| In re K.J., a Person Coming Under the Juvenile Court Law. | D083948 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J244301) |
| v. | |
| K.J., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Marissa Bejarano, Judge.  Affirmed.

Lisa A. Kopelman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

K.J., a minor, appeals from the juvenile court's judgment sustaining the People's petition after the court reduced the first count from felony to misdemeanor assault with force likely to produce great bodily injury (Pen.

Code,[1] § 245, subd. (a)(4)) and dismissed the remaining count and all enhancements.  The court declared K.J. a ward of the court pursuant to Welfare and Institutions Code section 602 and placed him on formal probation in the custody of his parents.  His appointed counsel filed a brief raising no arguable issues and requesting that we exercise our discretion to review the record for potential issues under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).

We have independently reviewed the record and find no arguable issue that would result in a modification or reversal of the judgment.  Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

K.J. and W.B. were middle and high school classmates in the years leading up to early 2022, when K.J. was a freshman at La Jolla High School. W.B., a linebacker for the high school football team, had an extensive history of bullying others, including incidents where he reportedly pushed, punched, threatened, and used racial and homophobic slurs against fellow students. K.J. testified that W.B. verbally and physically bullied him daily in middle school.  Although K.J. reported the bullying to his family and school administrators, W.B.'s behavior continued.  There was a pause in their interactions when classes were held online for a year, but when K.J. started high school, W.B. resumed his bullying.

In February 2022, W.B. heard that his friend T.L. got into a fight with K.J. and a few of K.J.'s friends, leaving T.L. with a bloodied nose.  Later that day when W.B. and K.J. were in the gym at the same time playing basketball, W.B. confronted K.J. about hurting T.L.  Witnesses testified that W.B. approached K.J., wrestled him to the ground, and pressed his knee into

---

[1]     Undesignated statutory references are to the Penal Code.

K.J.'s back. After W.B. allowed him to get up, K.J. left the gym upset and crying. He told four friends outside the gym about the altercation, and they went back together to confront W.B. Accounts vary regarding what happened after K.J. and his friends approached W.B., and the parties dispute who threw the first punch. But a partial video of the incident shows that soon after K.J.'s group entered the gym, W.B. ended up on the ground being kicked and punched by K.J. and his friends. A teacher eventually broke up the fight.

W.B. suffered a concussion and had to stop playing football for six months. He did not notice any lasting physical symptoms from the incident, but his father observed that W.B. was lethargic, had nightmares, and had difficulties with his memory and math homework in the months immediately following the incident.

The People filed a petition against K.J. in juvenile court alleging felony assault with force likely to produce great bodily injury (§ 245, subd. (a)(4) (count 1)) and felony assault resulting in serious bodily injury (§ 243, subd. (d) (count 2)). The prosecution also alleged that K.J. personally inflicted great bodily injury while committing or attempting a felony as to count one (§ 12022.7, subd. (a)), and that both counts constituted serious felonies in which he personally inflicted great bodily injury (§ 1192.7, subd. (c)(8)).

Before trial, K.J. requested that the court continue the petition proceedings and that the court place him on informal probation under Welfare and Institutions Code section 654.2, subdivision (a), which provides that a juvenile court may continue any hearing on a petition for six months without adjudging the minor a ward of the court so that the minor can participate in informal supervision. The court granted K.J.'s request for informal probation in November 2022 and ordered K.J. to, among other

things, attend school regularly, maintain satisfactory grades and citizenship, complete 40 hours of community service, and write an apology letter to W.B.

In May 2023, a probation officer reported that K.J. had failed to meet certain conditions of his informal supervision. For example, he only partially completed an assigned behavior class, he failed to complete community service, and he did not write the apology letter. The officer noted, however, that K.J. was "doing well," had not violated any laws, and had made "huge strides in school" despite struggling with math. The court vacated informal supervision due to K.J.'s failure to comply with the agreed upon conditions.

At trial, W.B. testified under a grant of transactional immunity (see § 1324), and his father also testified for the prosecution. The defense presented testimony from W.B.'s current and former classmates who described getting bullied or harassed by W.B. in middle and high school. K.J.'s friends and other witnesses who were present for portions of the altercation also testified about what they observed. Lastly, K.J. testified in his own defense.

During closing, the prosecution argued that even though K.J. and W.B. had a history of conflict, K.J. was not justified in leading four of his friends in a group attack on W.B. The prosecutor directed the court's attention to surveillance video, which showed W.B. on the ground attempting to protect himself against blows from the group. The defense argued that K.J. acted reasonably in self-defense in response to both their earlier scuffle and the long history of W.B.'s bullying dating back to middle school. Defense counsel also contended there was insufficient proof that W.B. suffered great bodily injury because no medical testimony or records were admitted into evidence.

After considering the evidence and arguments, the juvenile court sustained the petition, finding that the People had proven the first count for

4

assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)). The court, however, set the offense as a misdemeanor because there was insufficient proof that K.J. personally inflicted great bodily injury. The court also dismissed count two and all alleged enhancements.

At the disposition hearing, defense counsel requested that the court consider placing K.J. on probation and terminating the probation immediately. A probation officer recommended that K.J. be placed on probation with his parents under formal supervision. The officer noted that K.J. had previously failed to meet conditions of informal probation, and that he also incurred unreported traffic infractions and missed a traffic court hearing.

The court adopted the probation officer's recommendation and declined to grant K.J. informal probation. The court noted K.J.'s earlier failure to comply with informal supervision conditions and it expressed concerns about K.J.'s grades in school. The court adjudged K.J. to be a ward of the court and ordered him and his parents to pay a restitution fine of $50. The court also ordered that K.J. must, among other things, attend school, participate in counseling or an education program as directed by probation, and participate in an "achievement program."

DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below, arguing no specific contentions as grounds for relief, and asking this court to review the entire record for error as mandated by *Wende, supra*, 25 Cal.3d. 436. To assist the court in its review, and in compliance with *Anders, supra*, 386 U.S. 738, counsel identified the following possible but not arguable issues: (1) whether substantial evidence supports the juvenile court's finding that K.J.'s conduct violated the provisions of section

5

245, subdivision (a); and (2) whether the court abused its discretion in declining to grant K.J.'s request for informal probation instead of formal probation.  We invited K.J. to file a supplemental brief raising any additional contentions, but he did not do so.

We have considered the potential issues identified by K.J.'s appellate counsel and conducted an independent review of the record for other arguable issues under *Wende* and *Anders*.  Based on our review, we conclude there is no arguable issue that would result in a modification or reversal of the judgment.  K.J. is competently represented in this appeal.  Accordingly, we affirm the judgment.  (*Wende, supra,* 25 Cal.3d at pp. 441–442.)

DISPOSITION

The judgment is affirmed.


BUCHANAN, J.

WE CONCUR:


IRION, Acting P. J.


CASTILLO, J.

6